1

2

3

4               UNITED STATES DISTRICT COURT

5               EASTERN DISTRICT OF CALIFORNIA

6

7  UNIGARD INSURANCE COMPANY,        No.  2:98-cv-01712-GEB-JFM
   UNIGARD SECURITY INSURANCE
8  COMPANY,

9           Plaintiffs,             **ORDER TO SHOW CAUSE AND
                                     CONTINUING STATUS (PRETRIAL
10      v.                           SCHEDULING) CONFERENCE**

11 CITY OF LODI, CALIFORNIA,

12          Defendant.

13

14          The May 28, 2014 Minute Order, (ECF No. 166), scheduled

15 a status conference in this case on September 15, 2014, and

16 required the parties to file a joint status report no later than

17 fourteen (14) days prior to the scheduling conference. No status

18 report was filed as ordered.

19          Therefore, each party is Ordered to Show Cause ("OSC")

20 in a writing to be filed no later than September 12, 2014, why

21 sanctions should not be imposed against the party and/or the

22 party's counsel counsel under Rule 16(f) of the Federal Rules of

23 Civil Procedure for failure to file a timely status report. The

24 written response shall also state whether the party or the

25 party's counsel is at fault, and whether a hearing is requested

26 on the OSC.[1] If a hearing is requested, it will be held on

27

───────────────
28 [1]    "If the fault lies with the attorney, that is where the impact of
   sanction should be lodged.  If the fault lies with the clients, that is where

1

1   October 27, 2014, at 9:00 a.m., just prior to the status

2   conference, which is rescheduled to that date and time. A status

3   report shall be filed no later than fourteen (14) days prior to

4   the status conference.

5           IT IS SO ORDERED.

6   Dated:  September 4, 2014

7

8   _____

9   GARLAND E. BURRELL, JR.
    Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   the impact of the sanction should be lodged." In re Sanction of Baker, 744
     F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).

28   Sometimes the faults of attorneys, and their consequences, are visited upon
     clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).