UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIGARD INSURANCE COMPANY, UNIGARD SECURITY INSURANCE COMPANY,<br><br>        Plaintiffs,<br><br>  v.<br><br>CITY OF LODI, CALIFORNIA,<br><br>        Defendant. | No. 2:98-cv-01712-GEB-JFM<br><br>(Consolidated with 2:01-cv-01718-FCD-JFM)<br><br>**ORDER REGARDING PROPOSED JUDGMENT; ORDER TO SHOW CAUSE OR ACQUIESCENCE IN DISMISSAL** |

        On September 12, 2014, the parties filed a Stipulation for Entry of Judgment in the above-referenced consolidated cases. (ECF No. 168.) In essence, the parties seek in the stipulated entry of judgment "[confirmation of] the permanent injunction" entered on December 22, 2003, in Case No. 2:98-cv-01712-GEB-JFM; dismissal with prejudice of consolidated Case No. 2:01-cv-01718-FCD-JFM; adjudication that each side is to bear its own attorney's fees and costs; and the Court's agreement that it will retain jurisdiction for the purpose of enforcing the terms of the proposed judgment. (Proposed Judgment, ECF No. 169.)

        The referenced injunction enjoins the City of Lodi ("Lodi") and its officers from enforcing certain provisions of Lodi's Comprehensive Municipal Environmental Response and Liability Ordinance ("MERLO"). (See Mem. & Order, Dec. 22, 2003,

1

ECF No. 101.) However, on March 16, 2005, Lodi enacted Ordinance No. 1755, which repealed MERLO.[1] Ordinance No. 1755 became effective on April 15, 2005. (See Notice of Repeal of MERLO, ECF No. 171, filed in Case No. 2:98-cv-01489-FCD-JFM.) Therefore, the referenced injunction appears moot. See Log Cabin Republicans v. United States, 658 F.3d 1162, 1165-66 (9th Cir. 2011) ("[T]he Supreme Court and [the Ninth Circuit] have repeatedly held that a case is moot when the challenged statute is repealed, expires, or is amended to remove the challenged language.").

If the consolidated actions are moot, it is unclear why the parties request dismissal with prejudice of Case No. 2:01-cv-01718-FCD-JFM; it is also unclear why they opine it is necessary for the Court to approve their agreement that each side will bear its own attorney's fees and costs.

Therefore, the parties' proposed judgment is not entered. Also, each party is Ordered to Show Cause ("OSC") in a writing to be filed no later than October 6, 2014, why each above-referenced consolidated action should not be dismissed. Cf. Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986) (explaining that "[t]he court reasonably concluded that the parties had the requisite mutual intent to dismiss the action" when the court "f[ound] that the parties' . . . representations to the court agreeing to a dismissal . . . constituted a voluntary stipulated dismissal under Rule 41(a)(1)(ii)"). If a party opines the referenced injunction is not moot and/or entry

---

[1] The Court takes judicial notice of Ordinance 1755. Fed. R. Evid. 201(c) ("The court . . . may take judicial notice on its own."); see also Tollis, Inc. v. Cnty. of San Diego, 505 F.3d 935, 938 n.1 (9th Cir. 2007) ("Municipal ordinances are proper subjects for judicial notice.").

of the proposed or another version of an order and/or judgment is necessary, that party shall provide in its response to the OSC factual and legal support for its conclusion, to which is attached the desired proposed order and/or judgment.

In the alternative, if a party agrees that each above-referenced consolidated action should be dismissed, that party need not respond as stated in the above OSC; instead, that party or the parties shall file what is necessary to effectuate dismissal of each consolidated action by October 6, 2014. If no response to the OSC or filing to effectuate dismissal is timely filed, the parties' acquiescence in dismissal of each consolidated action shall result in the Court issuing orders that dismiss each action.

Dated: September 24, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge